## GRIBBLE *v.* PIONEER PRESS CO.

*(Circuit Court, D. Minnesota.* February 5, 1883.)

1. REMOVAL OF CAUSE—CITIZENSHIP.
    Where there is reason to doubt the existence of jurisdictional facts, the parties may be examined upon the question, and the court may direct the proper pleadings to be filed to raise the issues involved in such question.

2. SAME—REMAND.
    Where both plaintiff and defendant are citizens of the state where suit is brought this court has no jurisdiction, and the cause will be remanded.

3. ALIEN—NATURALIZATION.
    An alien naturalized under the laws of the United States is a citizen of the state in which he resides.

This cause was removed from the district court of Ramsey county by the defendant, upon the ground that it was at the time of the commencement of the action a citizen of the state of Minnesota and the plaintiff an alien. The plaintiff filed a plea to the jurisdiction of the court, alleging that at said time he was a citizen of the same state with the defendant.

A jury trial was waived, and the issue raised by the plea was brought to trial before the court. The plaintiff testified that he was about 60 years old; that he was born in Devonshire county, England; that his father was Joseph Gribble, an Englishman, who immigrated into the country, bringing plaintiff with him, when he was about nine years old; that he knew of his father's voting in the state where they then resided before he, witness, was 17 years old; that he had himself voted in different states, and ever since he was 21 years old; that he had pre-empted public land of the United States, using therefor as proof of citizenship the original naturalization papers of his father.

The plaintiff offered in evidence a duplicate of the naturalization papers of his father, which are in the words and figures following:

*"Commonwealth of Pennsylvania, Allegheny County:*

"Be it remembered that at a court of quarter sessions, held at the city of Pittsburgh, in and for the county of Allegheny, in the commonwealth of Pennsylvania, in the United States of America, on the second day of October, A. D. 1838, Joseph Gribble, a native of England, exhibited a petition to be admitted to become a citizen of the United States. And it appearing to the satisfaction of the court that he has resided within the limits and under the jurisdiction of the United States for five years immediately preceding his application, and that during that time he has behaved as a man of good moral

character, attached to the principles of the constitution of the United States, and well disposed to the good order and happiness of the same, and that he has in all things fully complied with the laws of the United States in such case made and provided, and having declared on his solemn oath before the said court that he would support the constitution of the United States, and that he did absolutely and entirely renounce and abjure all allegiance and fidelity to every foreign prince, potentate, state, or sovereignty whatever, and particularly to the queen of Great Britain, of whom he was before a subject: whereupon the court admitted the said Joseph Gribble to become a citizen of the United States, and ordered all the proceedings aforesaid to be recorded by the clerk of said court, which was done accordingly.

"In testimony whereof I have hereunto set my hand and affixed the seal of the said court at the city of Pittsburgh, this second day of October, *Anno Domini* 1838, and of the sovereignty and independence of the United States of America the sixty-third.

[Original Seal of Court.]                    "T. L. McMILLAN, Clerk.

"Duplicate of original issued by me this fourteenth day of September, A. D. 1882.                    A. H. ROWARD, Jr., Clerk."

No further testimony was offered by either party, and the matter was submitted.

*John B. Brisbin*, for plaintiff.

*W. D. Cornish* and *C. D. O'Brien*, for defendant.

NELSON, J. The evidence under the plea is satisfactory, and sufficient to show that the plaintiff is by virtue of law a citizen of the United States and of the state of Minnesota.

Objection is made to the admissibility of the certificate of naturalization of the plaintiff's father offered in evidence. The evidence of the plaintiff alone, uncontradicted, without this authenticated record, is sufficient to authorize the court, under the act of congress of March, 1875, to dismiss or remand the case, but in my opinion the certified copy is admissible. The act of congress (Rev. St. § 905, p. 171) providing for the mode of authenticating records of state courts is not exclusive, and states can adopt any other method. In the state of Minnesota it is enacted that "the records and judicial proceedings of any court of any state or territory of the United States shall be admissible in evidence in all cases in this state when authenticated by the attestation of the clerk  *  *  *  having charge of the records of such court, with the seal of such court annexed." Young's 'St. (Minn.) § 54, p. 800. The document offered meets the requirements of this statute and is admissible in evidence.

It is without doubt the right and duty of the court to remand a case removed from a state court if it ascertains in any way that it was not removable under the law. This court cannot be obliged to proceed

with the trial of a cause with the knowledge that it is in fact not within its jurisdiction, and that either party may at any moment, by raising the question of jurisdiction on the record, put an end to the proceedings. If it were otherwise, the parties to such an action might, by suppressing the facts with respect to citizenship, require the court to proceed until they have discovered its views of the law, and then, if not satisfied, might interpose a motion to dismiss or remand. See 104 U. S. 209. The court cannot permit any practice which will make possible such an experiment. If the judge has reason to doubt the existence of the jurisdictional facts, he has a perfect right to examine the parties upon that question, or to direct a plea in abatement to be filed and heard in order to settle *at the outset* that question.

The proof in this case shows that the plaintiff was the son of a person who was duly naturalized under the laws of the United States, and a minor dwelling therein at the time of the naturalization of his father. He thus became, by virtue of law, a citizen. Rev. St. § 2172, p. 380.

The plaintiff and defendant being citizens of the state of Minnesota, this court has no jurisdiction of the cause removed. Judgment on the plea will be entered in favor of the plaintiff, and in furtherance of justice it is remanded to the Ramsey county district court, with costs to be paid by the defendant.